IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,614-01






EX PARTE MIRIAM HUDMAN HUGHES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 01CR-15,488 IN THE 123RD JUDICIAL DISTRICT COURT


FROM SHELBY COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to thirty (30) years' imprisonment. The Twelfth Court of Appeals affirmed her conviction.
Hughes v. State, No. 12-02-00254-CR (Tex. App. - Tyler, July 14, 2004, pet. ref'd). 

 Applicant contends that her trial counsel rendered ineffective assistance because he failed
to review the State's disclosures and so was not prepared for trial; failed to obtain independent
testing of the shotgun and decedent's shirt and body in order to secure evidence in support of the
defense's position that the shot was fired at close range while decedent was grabbing for the shotgun;
failed to investigate and discover the ways in which the crime scene had been altered prior to the
crime scene video recording; failed to present testimony of Julie Harris, decedent's ex-girlfriend, as
to decedent's character for violence; failed to present testimony of decedent's former wives and
grown children, as to decedent's character for violence; failed to present medical records
documenting decedent's prior physical abuse of Applicant; and failed to investigate Applicant's
statement that Curtis Lewis and other State's witnesses had reasons unrelated to the case for wanting
Applicant's conviction and confinement. Applicant also contends that the prosecutor intimidated
Julie Harris before trial by indicating to Ms. Harris or her sister that if Ms. Harris testified he would
use confidential information that she had revealed to him while she was his client in order to
discredit her, so that she was terrified of testifying, and at trial he did make disparaging remarks
about her that were based on such confidences; failed to disclose favorable evidence, specifically,
decedent's statements to law enforcement officials and his friends and family from the time of the
shooting until the time of his death, in which the decedent described his intentions to kill or seriously
injure Applicant both before and after the shooting.

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel and the prosecutor with the opportunity to respond to
Applicant's claims of ineffective assistance of counsel and prosecutorial misconduct. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint counsel
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make findings of fact as to whether the State intimidated Julie Harris by
threatening to use confidential information if she testified, whether the State did use confidential
information to discredit Ms. Harris, and whether the State failed to disclose favorable evidence. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 1, 2006

Do not publish